McIlvaine, C. J.
It is evident that the plaintiff below, in the conduct of his case, regarded his right of action and the cause of his action as first accruing to him on November 25, 1870, upon the refusal of the defendant to redeliver the pledge after tender of the debt; while the defendant’s theory of the case was, that the cause of action and the plaintiff’s right to bring suit accrued to him at the maturity of the debt, in the year 1856—at which time, as is claimed, it was the duty of the plaintiff to pay the debt, and redeem the pledge. Hence, the chief difficulty in disposing of this motion has been in ascertaining the true status of the case, as made upon the pleadings and record.
The first exception taken, on the trial below, was on the overruling of the defendant’s demurrer to the plaintiff’s reply.
The grounds of demurrer were: 1. That the reply to the first defense was insufficient in law. 2. That it stated a conclusion of law only, and not the facts upon which the conclusion was based.
*136 Tlie. first defense contained two substantive allegations, namely: 1. That more than six years had elapsed after the accruing of the plaintiff’s cause of action, and before the commencement of the suit. 2. That by the laws of Pennsylvania, where both original parties to the note and pledge resided during all that period, the plaintiff’s cause of action was barred in six years from the maturity of the note. The reply was: 1. That it was untrue that the plaintiff’s cause of action accrued more than six years before the commencement of suit. On demurrer it must be held that this denial was a sufficient reply to the answer. It put in issue the time when the plaintiff’s cause of action accrued. The reply also denied “ that said action was barred by any statute of Pennsylvania.” This denial was as broad as the allegation in the answer, and, therefore, good on general demurrer. But as neither party moved the court to compel the pleadings in this respect to be made definite and certain, we think the answer and reply should be construed as putting in issue the fact of the existence of a law of the State of Pennsylvania, by which actions like the present were barred after the lapse of six years from the date at which they first accrued. It follows that the demurrer to the first reply was properly overruled.
Upon the same principles, there was no error in overruling the demurrers to the replies to the second and third defenses.
The admission in evidence of the note given by plaintiff to Barrett, and by him indorsed' to defendant, is next assigned for error.
If the fourth defense were relied on at the trial, the introduction of this instrument, which was then found in possession of the defendant, was properly allowed, as tending to disprove the alleged agreement that the bonds had been absolutely given to the defendant as his property, in payment of the debt evidenced by the note. In this view, the defendant had no right to object, although the burden of proving this issue was upon him. And if the fourth defense were abandoned on the trial, then the defendant *137 •was not prejudiced, for the reason that the evidence did not tend to prove any fact which was not distinctly admitted to be true by the several defenses setting up bars by the •statutes of limitation.
The refusal of tHe court to grant the defendant’s motion to nonsuit the plaintiff, is the next error assigned.
' This motion was properly overruled, for the reason, among others, that the case, as it then stood, was in favor •of the plaintiff, as will hereafter be shown.
It is also assigned for error that the court refused the defendant leave to withdraw his fourth defense. This assignment is not well made. The motion was addressed to the discretion of the court, and it does not appear that its discretion was abused in refusing the leave. If there were anything in the point made by counsel—to wit, that the admission contained in this defense, that the bonds came into his possession as a pledge, was afterward used against the defendant without the formality of offering the answer in evidence—the objection entirely disappears in view of the fact, that the same admission was made in the several other defenses set up in the answer; nor was that fact, though alleged in the petition, anywhere denied by the defendant in his pleadings.
There is no error, for which the judgment in this ease can be reversed, in the refusal of the court to instruct the jury as requested. The request, as far as the record shows, was a mere abstraction. It assumes that the jury might have found from the evidence, that by the laws of Pennsylvania, under the circumstances named, the plaintiff’s cause of action was barred by lapse of time. But the record does not disclose the fact that any testimony even tending to prove the state of the law in Pennsylvania was offered in the case. The existence of a law in that state, under which the plaintiff’s cause of action could have been barred, was denied in the reply, as we have above shown. The burden, ■of proving the law of that state was upon the defendant. And we can not assume, for the purpose of finding error in the record, that any proof was offered even tending to *138 mate the request a concrete proposition in the case. If such testimony had been offered, it was the duty of the-defendant to disclose the fact in a bill of exceptions.
The most difficult question in the ease -arises under the last assignment—to wit, that the court erred in instructing the jury, “that, by the answers and the plaintiff’s evidence in the case, the plaintiff was entitled to recover.” This question involves an inquiry into the status of the case at the time, as disclosed by the whole record.
As we understand it, the following were undisputed facts in the case, as shown by the pleadings: On the 30th of January, 1855, at the city of Pittsburg, Pennsylvania, the-plaintiff' executed to one Barrett his note of two thousand dollars, for money borrowed, payable twelve months after-date, with interest, and delivered in pledge, to secure its payment, the four thousand dollars of bonds in dispute. That at the time of this transaction, the plaintiff' and Barrett were both residents and citizens of the State of Pennsylvania, and so continued for more than six years after the-maturity of the note. That afterward, on the 31st of January, 1856, during the period of grace, Barrett, for a valuable consideration, transferred the note by indorsement to the defendant below, and at the same time delivered to him the bonds in controversy, to be held as a pledge for the payment of the note. Erom the date of the indorsement and transfer to the defendant, he continued, at the city of Wheeling, in the State of Virginia (West Virginia), in possession of the note and bonds, collecting from time to time-accruing interest on the bonds, in excess of the interest accruing on the note. Afterward, on the 25th of November, 1870, the plaintiff tendered to the defendant the amount, due on the note, and demanded the redelivery of the bonds. The defendant refused to accept the tender, arid also refused to return the bonds to the plaintiff. This action was commenced on the 21sfc of December, 1870. On the trial of the cause, upon notice from the plaintiff, the defendant produced the note, and the same was given in evidence by the plaintiff.
*139 It is upon this state of the case, that the correctness of the charge given to the jury must be determined; for, as-to all disputed facts, the record does not show that any other or further testimony was offered by either party.
Upon the case, as thus stated, the law is as follows: The defendant succeeded to the rights of Barrett as pledgee, and nothing more. That is to say, it became his right to hold the pledge until the note was paid; or, at his election, after the maturity of the note and upon giving notice to the plaintiff, it was his right to sell the pledge, discharge the debt, and hold the balance of proceeds, if any, for the use of the plaintiff. lie elected to retain the pledge, and thereby the general property in the bonds remained all the-while in the plaintiff. After possession of the pledge by the defendant for fourteen years and upward, the. plaintiff tendered to him the amount due on the note, and demanded a restoration of the bonds. To the date of this tender and demand, the possession of the defendant was rightful; but on his refusal to redeliver the bonds, a right of action for the first- time accrued to the plaintiff' for their recovery, or for the recovery of their value, less the amount due upon the note for which they had been pledged.
If it be conceded that the statute of limitations, as a legal defense, commenced running against the plaintiff’s claim upon the refusal of the pledgee to restore the pledge after-tender of his debt, it is quite clear that the statutory period had not elapsed at the commencement of this suit.
As to the effect of lapse of time in such cases, the law is thus stated by Mr. Story, in his work on Bailments, page 298: “ If the pawnee does not choose to exercise his undoubted right to sell, he retains the property as a pledge,, and upon a tender of the debt, he may be compelled at any time to restore it; for prescription of the statute of limitations does not run against it.” It is further added, however, that “ after a long lapse of time, if no claim .for redemption be made, the right will be deemed to be extinguished, and the property will be held to belong absolutely to the pawnee.”
*140 It only remains, therefore, to inquire whether the delay on the part of the plaintiff to tender the debt and claim restoration of his property, from February 2,1856, the date of the maturity of the note, to November 25, 1870, the date of the tender, is of itself sufficient to raise a presumption that his right to redeem had been extinguished.
Whatever the rule may be in cases where the pledgor makes no claim for redemption until after the right of the pledgee to recover his debt is barred by the statute of limitations, we are quite satisfied that mere delay for a shorter period of time will not suffice to raise a presumption against his right to redeem. Until such bar against the debt is fixed, it must be presumed that the credit and the pledge are continued by mutual consent.
In this case the right of action against the plaintiff on the note secured by the pledge was not, at the commencement of this suit, barred by the statute of limitations of this state, which saves the right of action on promissory notes for fifteen years after maturity. Nor are we judicially advised by the record in this case that the statute of limitations of any other state had barred an action on the note at that time, as we have already shown.
In conclusion, therefore, we are of opinion that, upon the pleadings, the plaintiff' below was entitled to recover, and inasmuch as the only testimony shown by the record to have been offered on the trial below tended also to establish his right to recover, there was no error in the charge as given by the court to the jury.

Motion overruled.

Welch, White, Rex, and Gilmore, JJ., concurred.